UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/2025

------------------------------------------------------------------ X
                  :
                  :
TERRELL JENKINS,         :
                  :          1:23-cv-9613-GHW
          Petitioner,  :
                  :           ORDER
        -v-          :
                  :
SUPERINTENDENT LYNN LILLEY, :
*Superintendent, Eastern NY Correctional Facility*, :
                  :
         Respondent.  :
                  :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On May 19, 2025, Magistrate Judge Robert W. Lehrburger issued a report and recommendation recommending that the Court deny Mr. Jenkins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismiss this action. Dkt. No. 33 (the "R&R").

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). Here, the R&R specifically stated: "Any party shall have fourteen (14) days to file written objections to this Report and Recommendation . . . . Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review." R&R at 29–30. On June 1, 2025, Mr. Jenkins requested a fourteen-day extension of time to file written objections to the R&R. Dkt. No. 34. The Court received the request on June 10, 2025. *Id.* On June 12, 2025, the Court granted Mr. Jenkins's request for an extension of time. Dkt. No. 35. The deadline for Mr. Jenkins to file written objections to the R&R was extended to June 16, 2025. *Id.* The Court reiterated that "[f]ailure to file timely objections will result in a waiver of the right to object and will preclude

appellate review." *Id.*

The Court reviews for clear error those parts of a report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). No objection to the R&R was submitted within the permitted window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). The Court, therefore, accepts and adopts the R&R in its entirety.

For the reasons articulated in the R&R, Mr. Jenkins's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Jenkins has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to enter judgment in favor of Respondent, to close the case, and to mail a copy of this order and the judgment to Mr. Jenkins.

SO ORDERED.

Dated: June 24, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge